

Hal S. Shaftel, Esq.
Tel 212.801.2164
Fax 212.805.9464
shaftelh@gtlaw.com

February 28, 2020

**VIA ECF**

Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

Re: **Medacist Solutions Group, LLC v. CareFusion Solutions, LLC
Case No. 1:19-cv-01309-JMF**

Dear Judge Furman:

On behalf of Defendant CareFusion Solutions, LLC ("CareFusion"), we write pursuant to Rule 7 of Your Honor's Individual Rules and Practices. Consistent with the treatment of redactions to exhibits and legal memoranda previously filed, CareFusion respectfully seeks leave to publicly file limited redactions in connection with its further briefing on the summary judgment cross motions and *Daubert* cross motions. As addressed below, the information proposed to be redacted is of the same type redacted by CareFusion and Plaintiff Medacist Solution Group, LLC, ("Medacist") in prior filings, which Your Honor temporarily approved (Dkt. No. 68, 76, 81, 92.)

CareFusion proposes the following redactions to the below-referenced documents being filed today:

- Exhibit A, hereto: CareFusion's Memorandum of Law in Further Support of its Motion to Exclude the Opinions of Plaintiff Medacist Solutions Group, LLC's Proposed Expert Gregory Cowhey;

- Exhibit B, hereto: Exhibits 2 and 3 to the Supplemental Declaration of Daniel I.A. Smulian;

- Exhibit C, hereto: CareFusion's Response to Medacist's Rule 56.1 Statement;

- Exhibit D, hereto: CareFusion's Memorandum of Law in Further Support of its Motion for Summary Judgment and in Opposition to Medacist's Cross Motion; and

- Exhibit E, hereto: Exhibits 1, 3 and 7 to the Supplemental Declaration of Hal S. Shaftel.

**Greenberg Traurig, LLP | Attorneys at Law**
MetLife Building | 200 Park Avenue | New York, New York 10166 | T +1 212.801.9200 | F +1 212.801.6400

www.gtlaw.com

CareFusion proposes to submit a limited number of documents with narrowly tailored redactions designed to remove references to CareFusion's and Medacist's recent, competitively sensitive business information concerning financial data, cost structures and customer relationships. More specifically:

I. **Names and identifying information of customers, potential customers and potential development partners.** Consistent with the parties' prior filings, CareFusion redacted names and identifying information such as physical addresses or contact information of customers, potential customers or potential development partners that either CareFusion or Medacist contacted, emailed or contracted with for their products or potential products in the market.

   a. **Potential development partners:** CareFusion redacted names of potential development partners regarding its new diversion offering because development partner relationships are nonpublic and governed by strict confidentiality agreements, and CareFusion risks being harmed from disclosure of which hospitals have been solicited as development partners. *See Playtex Prod., LLC v. Munchkin, Inc.*, No. 14-cv-1308, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (permitting "redactions on a limited number of statements" regarding "sales and revenue" and "key players involved in [the party's] product development" because the party "would be competitively harmed if they were revealed"); *see also Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing defendants' "[c]onfidential business information dating back even a decade or more" because they "provide valuable insights into a company's current business practices that a competitor would seek to exploit," including "the cost and profit structures of the defendants" and their marketing strategies). CareFusion's redactions do not impact the substance of the documents, but just the identity of the potential development partner. The identity of the potential development partners is not relevant to CareFusion's filings. *See Avocent Redmond Corp. v. Raritan Americas, Inc.*, No. 10-cv-6100, 2012 WL 3114855, at *15 (S.D.N.Y. July 31, 2012) (granting motion to seal a "limited quantity" of confidential business information where the information did "not go to the heart of the judicial process."). CareFusion regards its potential development partner relationships confidential.

   b. **Customers or potential customers**: CareFusion redacted names of potential customers that either CareFusion or Medacist contracted or negotiated with. Both CareFusion and Medacist regard their communications underlying the negotiation and terms of these relationships as competitively sensitive information. *See, e.g., Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12-cv-6608, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014) (sealing party's "confidential information about its relationship with its dealer-customer"); *Travelers Indem. Co. v. Excalibur Reins. Corp.*, No. 11-cv-1209, 2013 WL 4012772, at *5 (D. Conn. Aug. 5, 2013) (allowing redaction of "specific portions of documents revealing sensitive business information," including "confidential proprietary information, documents and

client data") The names of the customers and potential customers are not relevant to CareFusion's filings. Medacist regards its customers as proprietary information for the reasons stated above.

II. **Sales, revenue, expense and profit information.** CareFusion redacted information concerning Medacist's and CareFusion's revenue, profits or losses, or potential revenue, profits or losses within certain documents and memoranda. This includes amounts related to CareFusion's sales of its diversion analytics product, CareFusion's sales of Medacist's product and the amount quoted for certain products. CareFusion redacted information Medacist designated as confidential under the Protective Order (Dkt. No. 43), including information that Medacist regards as proprietary because it relates to Medacist's sales, revenue, expense and profit information. CareFusion also redacted pricing and quantity information relating to CareFusion's 2019 sales of its competing drug diversion production. This information is nonpublic and proprietary information and disclosure could harm both parties. *See, e.g., Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999) (noting that commonly sealed information includes "revenue information, pricing information, and the like."). For purposes of the motions this information is not relevant to evaluate the issues. Although the redacted information is included in the brief for context and ease of reference, it is not essential to evaluating the motions.

\* \* \*

For the reasons explained above, CareFusion respectfully requests that the Court grant CareFusion's motion to redact its and Medacist's proprietary, commercially sensitive information from the public record in today's filings. After these pending motions are fully submitted, CareFusion plans to confer with Medacist further about keeping the level of redactions as limited as feasible. We appreciate the Court's continued attention to these matters.

Respectfully,

Hal S. Shaftel

cc: All counsel of record (*via ECF*)

The motion to file documents with redactions is temporarily GRANTED. The Court will assess whether to keep the materials at issue under seal or redacted when deciding the underlying motions. The Clerk of Court is directed to terminate ECF No. 95. SO ORDERED.

March 2, 2020